United States District Court
Central District of Illinois
Peoria Division

Kevin A. Williams #R26594
    Plaintiff, pro se

v.                                    Case No. 13-1187

Robert Snyder
    Defendant.

SCANNED at PCC and E-mailed
12.06.17 (date) by HP (initials)
23 (# of pages)

## Pro Se Plaintiff's Motion For The Recruitment of Pro Bono Counsel For Indigent Parties in Certain Civil Cases

Now Comes the Pro Se Plaintiff Kevin Williams, and Pursuant to 28 U.S.C. § 1915(e)(1) and motion the Court for the Recruitment of Pro bono Counsel. In Support of his motion herein, the Pro Se Plaintiff states the following:

1. The indigent Pro Se Plaintiff, Kevin Williams Qualified and met the criteria for the recruitment of Pro bono Counsel in his Section 1983 First Amendment case.

2. That Prior to this Court recruiting Counsel for Plaintiff, on 11/4/2016 a status conference was held before this Court via telephone by Plaintiff and Attorney Zecharia Tao-Yin Feng (AAG) for the Defendants.

3. That discussions were held regarding REMAND Received from the Seventh Circuit Court of Appeals Ruling Against Both Defendants Sharon Hansen and Robert Snyder.

-1-

4. That Final Pretrial Conference was set for 1/13/2017 and Jury Trial was set for 2/13/2017.

5. On 12/9/16, this Court Recruited Attorney William Breedlove of the Law Firm of Winstein, Kavensky & Cunningham, L.L.C. to Represent the Plaintiff PRO BONO. (See exhibit 1 )

6. That on 1/6/2017, during a Status Conference held before this Court via telephone with Plaintiff, Plaintiff's Attorney Williams Breedlove, and Defendants Attorney Christopher Westenberger (AAG) Attorney Breedlove discussed with this Court that Plaintiff also had a DUE PROCESS claim which would entitle Plaintiff to Amend his initial complaint.

7. That on January 24, 2017, Attorney Breedlove met with Plaintiff and advised Plaintiff that he was going to Amend Plaintiff's initial Complaint that would add to it, a DUE PROCESS violation Claim; and a Denial of Access to the Court Claim and that he would be hiring the Post-Conviction Petition's EXPERT NATE NIEMAN to testify about these issues at Trial. (See exhibit 2 3 4 )

8. On February 9, 2017, Plaintiff entered into a Contigent Fee Agreement with the Law Firm of Winstein, Kavensky & Cunningham to Represent him in his claim against Sharon Hansen et. al. Defendants and any other Parties related Parties. (See exhibit 5 6 )

9. That on 3/10/2017 during a Status Conference held before this Court via telephone with Plaintiff, Plaintiff's Attorney Williams Breedlove, and Defendants Attorney Christopher Westenberger, (AAG) the parties discussed the status of the case moving forward to Trial and or Settlement.

10. That on April 4, 2017, Plaintiff's Court-Appointed Attorney William Breedlove filed his motion to withdraw as Attorney for Plaintiff citing a move to Denver Colorado and the Work Loads of other Attorneys at his firm as the reasons for withdrawl.

-2-

11. That this Court Granted Attorney Breedlove's motion.

12. On 4/26/2017, this Court Recruited Attorneys Bhairav Radia and Daniel Corbett of the law firm of O'Halloran Kosoff, Geitner & Cook LLC to represent the Plaintiff Pro Bono (SEE EXHIBIT 7)

13. That on MAY 12, 2017, Attorneys Bhairav and Corbett met with Plaintiff and Advised Plaintiff that they had been in contact with Plaintiff's former Attorney William Breedlove to discuss the case, and that they would Pursue his (Breedlove's) vision and strategy for the case, and the plaintiff believed them as his Attorneys. (SEE EXHIBIT 4)

14. That on 7/6/2017 a Status Conference was held before this Court via telephone by Plaintiff, Plaintiff's Attorney Bhairav Radia and Attorney Christopher Wesenberger (AAG) for the Defendants.

15. That Final Pretrial Conference was set for 11/17/2017 and Jury Trial was set for 12/11/2017.

16. That Prior to, during, and After every status conference of 11/4/2016; 1/6/2017; 3/10/2017; 4/21/2017; 5/9/2017; 6/2/2017; and 7/6/2017, the Defendant Sharon Hansen, was never presumed to have been dismissed from this case by this Court, Plaintiff's Attorney, Plaintiff, or the Defendant's Attorneys (AAG) from the Seventh Circuit's Opinion, ruling Against both Defendants Hansen and Snyder in their Discussion.

17. That it was not until on 9/29/2017, when Defendants substitute Counsels Mia Buntic (AAG) and Michael Stephenson (AAG) filed Defendants motion to Amend/correct the docket defending Defendant Hansen that this presumption of Hansen being dismissed from this case per their interpretation of the Seventh Circuits Opinion came to Light.

18. That Plaintiff's Counsels' failure and neglect to have rectified this crucial issue to the Plaintiff's case at the outset of them being recruited to represent Plaintiff rendered them INEFFECTIVE, especially when they intentionally and knowingly mislead Plaintiff into believing that Both Sharon Hansen and Robert Snyder were still Defendants in this case (SEE EXHIBIT 9)

-3-

19. That the Attorney-Client Privileged correspondences from Plaintiff's Attorneys Radia and Corbett dated July 20, 2017; September 6, 2017; September 26, 2017; October 10, 2017; and, the attorney-client Privileged telephone conversation notes of Plaintiff and Plaintiff's Attorney Radia and Corbett dated 6-2-2017; 8-9-2017; 9-29-2017; 10-23-2017; 10-25-2017 would show Plaintiff's Court Appointed Counsel's deceit, contradictions, their impropriety of bias and their appearance of being pro-Defendants amounting to their unreasonable ineffectiveness to assist Plaintiff in this case.

20. That the two letters from Plaintiff's Counsel Daniel Corbett, both dated October 10, 2017, is one example to further show the deceit, contradictions, lies and his misleading the Plaintiff into believing that Sharon Hansen was still a party in this case where Mr. Corbett states:

October 10, 2017 (see Redacted Exhibit 8)
"It is difficult to disagree with defendants' position as the opinion clearly states that the District Court dismissed some of the defendants at the outset of the case; their dismissal was justified because they hadn't been involved in the decision to confiscate the certificate; summary judgment for defendant Hansen was justified on the same ground." (ECF 42·3 of 2)

VERSES

October 10, 2017 (see Exhibit 9)
"The bases which support Kevin's position are well-documented in the Seventh Circuit's opinion reversing Defendants' dismissal. Put simply, Defendants lost on the law and this loss, heading into trial, is significant because they have all but admitted, factually, that they were wrong insofar as they concede that they withheld documents pertaining to Kevin's criminal appeal ---- Defendants would be wise to mitigate the risk and resolve this case."

Mr. Corbett here, is referring to both, Defendants Hansen and Snyder when speaking of "Defendants" and "they" in his letter.

21. That Plaintiff's Attorneys Bhairav Radia and Daniel Corbett had no intentions of pursuing Plaintiff's Former Counsel, William Breedlove's vision and strategy for this case as discussed with the Plaintiff during their attorney visit on May 12, 2017.

-4-

22. Though Plaintiff was educated before entering into the Illinois Department of Corrections, the shock to his conscience (P.T.S.D.) of being incarcerated and having been wrongfully convicted has severely diminished his measured level of education from the results of Plaintiff's Test Scores of Adult Basic Education, a mandated TABE Test by the I.D.O.C. (See Exhibit 10)

23. That Plaintiff has relied on the assistance of inmate Jailhouse Lawyers, and law clerks assigned to work in the law library at Pontiac Correctional Center to help him throughout the course of his litigation in this case, and since he has been without the assistance of Court-Appointed Pro bono counsel since October 31, 2017. (See Exhibit 11)

24. That contrary to this Court's assertion that Plaintiff wanted to direct the course of his case and had his vision of how the case should go, it is clear from this motion and the supporting exhibits that it was actually the Court-Appointed counsels' vision, strategy and direction of this case, and Plaintiff uneducated in Illinois Law believed ~~Courts~~ his Court Appointed Counsels, Attorney William Breedlove, Attorney Bhairav Radia and Attorney Daniel Corbett.

25. That the Pro Se Plaintiff would be "Prejudiced" if this Court were not to receive the assistance of Pro bono counsel to assist him in this case.

26. That the interest of Justice would be best and most efficiently served by Recruiting the assistance of Pro bono counsel for the Pro Se Plaintiff.

Wherefore, for the foregoing reasons, Pro Se Plaintiff, Kevin Williams, motion the Court for the Recruitment of Pro Bono Counsel.

Date: 12-6-2017

Respectfully submitted,

Kevin A. Williams - R26584
Pontiac Correctional Center
P.O. Box 99
Pontiac, Illinois 61764

Plaintiff, Pro Se

-5-

## CERTIFICATE OF SERVICE

THE undersigned certifies that ~~Pursu~~ December 6, 2017, He electronically filed the foregoing document via the Pontiac Correctional Center Law Library with the clerk of the court for the United States District Court for the Central District of Illinois using the CM/ECF system, which will send notification of such filing to the following registered CM/ECF participant(s):

Michael Stephenson
Mia Buntic
Office of the Attorney General
    mbuntic@atg.state.il.us
    mstephenson@atg.state.il.us

BY: _____
Kevin A. Williams - R26594
Pontiac Correctional Center
P.O. Box 99
Pontiac, Illinois 61764

Plaintiff, Pro Se

-6-